| | |
|---|---|
| 1 | MARIA C. ROBERTS, State Bar No. 137907 |
| | mroberts@stokesroberts.com |
| 2 | PETER B. MARETZ, State Bar No. 144826 |
| | pmaretz@stokesroberts.com |
| 3 | KEVIN W. CHIANG, State Bar No. 252391 |
| | kchiang@stokesroberts.com |
| 4 | STOKES ROBERTS & WAGNER |
| | 600 West Broadway, Suite 1150 |
| 5 | San Diego, CA 92101 |
| | Telephone: (619) 232-4261 |
| 6 | Facsimile: (619) 232-4840 |

FILED
SEP 10 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Defendant 3M COMPANY, a Delaware Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

C10-04064

| | |
|---|---|
| PHILLIP NGUYEN, EFREN MANILA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>3M COMPANY, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | (Alameda County Superior Court Case No. RG10521127)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446]<br><br>ACCOMPANYING DOCUMENTS:<br>DECLARATIONS OF MARIA C. ROBERTS AND MARIA M. RICCIO; CIVIL COVER SHEET; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS; NOTICE OF RELATED CASE<br><br>Date Action Filed: June 18, 2010 |

///

///

///

///

///

///

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

4832-3230-0294.1
4812-0755-5079.3

TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFFS PHILLIP NGUYEN AND EFREN MANILA, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant 3M Company ("3M") hereby effects the removal of the below referenced action from the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California, Oakland Division. Removal is based on 28 U.S.C. sections 1332(a)(1), 1441(a), and 1446, and on the following grounds:

## I.

## STATEMENT OF FEDERAL JURISDICTION

1. The Court has original jurisdiction over this action based upon diversity jurisdiction, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between Plaintiffs who are citizens of California and 3M which is incorporated in Delaware with its principal place of business located in Minnesota. (*See,* 28 U.S.C. section 1332(a)(1).)

## II.

## INTRADISTRICT ASSIGNMENT

2. This case is properly removed to the Oakland Division of the District Court for the Northern District of California pursuant to Civil Local Rule 3-2(d), as the State Court Action was commenced in the County of Alameda.

## III.

## PLEADINGS, PROCESS, AND ORDERS

3. On or about June 18, 2010, Plaintiff PHILLIP NGUYEN ("NGUYEN") filed an Original Complaint ("Complaint") in the Superior Court of California for the County of Alameda, which is entitled "PHILLIP NGUYEN, on behalf of himself and all others similarly situated, Plaintiffs, v. 3M Company, a Delaware Corporation; and Does 1-100, inclusive, Defendants, " and bears case number RG10521127. (Declaration of Maria C. Roberts ("Roberts Decl."), ¶ 2, Exh. A.)

///
///
///

4. Without effectuating service of the Complaint, on or about July 21, 2010, NGUYEN filed a First Amended Complaint ("FAC") in the Superior Court of California for the County of Alameda. The FAC added EFREN MANILA ("MANILA") as a new plaintiff to this case. The FAC is entitled "PHILIP NGUYEN, EFREN MANILA, on behalf of themselves and all others similarly situated, v. 3M Company, a Delaware Corporation; and Does 1-100, inclusive," and bears case number RG10521127. (Roberts Decl., ¶ 3, Exh. B.)

5. On August 13, 2010, NGUYEN and MANILA effectuated service of the following documents on 3M's agent for service of process: (a) the Complaint and its corresponding Summons and Civil Case Cover Sheet, (b) the FAC and its corresponding Summons and Civil Case Cover Sheet, and (c) a Notice of Hearing regarding Complex Determination and Case Management Conference. (Roberts Decl., ¶¶ 5 and 6, Exhs. D and E.) This removal, therefore, is timely filed within 30 days of service of the action on 3M pursuant to 28 U.S.C. § 1446(b). (*Id.*) True and correct copies of the Complaint and its corresponding Summons and Civil Case Cover Sheet are lodged as Exhibit A to the attached Declaration of Maria C. Roberts. (Roberts Decl., ¶ 2.) True and correct copies of the FAC and its corresponding Summons and Civil Case Cover Sheet are lodged as Exhibit B to the attached Declaration of Maria C. Roberts. (Roberts Decl., ¶ 3.) A true and correct copy of the Notice of Hearing regarding Complex Determination and Case Management Conference is lodged as Exhibit C to the attached Declaration of Maria C. Roberts. (Roberts Decl., ¶ 4.)

6. The FAC asserts five (5) causes of action against 3M:
   (a) Failure to Pay Hourly Wages and Overtime Wages;
   (b) Failure to Provide Rest or Meal Periods or Compensation in Lieu Thereof;
   (c) Failure to Timely Pay Wages;
   (d) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; and
   (e) Violation of the Unfair Competition Law.

(Roberts Decl., ¶ 3, Exh. B.)

7. It is 3M's understanding that a hearing to determine whether to designate this case complex under California state law was held in the Superior Court for the County of Alameda on or about August 26, 2010. (Roberts Decl., ¶¶ 4 and 7, Exh. C and F.) It is 3M's further understanding that at that hearing the Superior Court for the County of Alameda designated this case complex. (Roberts Decl., ¶ 8, Exh. G.) To 3M's knowledge, no further proceedings have taken place in the Superior Court for the County of Alameda. (*See,* Roberts Decl., ¶ 9.)

8. 3M is unaware of any related actions at this time pending in the Northern District of California. However, 3M is aware of a related action against it that was pending in the Central District of California entitled "LAN DAO, on behalf of herself and all other similarly situated, Plaintiffs, v. 3M Company, a Delaware Corporation, and DOES 1 through 100, inclusive, Defendants," Central District case number CV-08-04554 VBF (AGRx). In *Lan Dao v. 3M*, the Plaintiff Lan Dao asserted nearly identical claims in her operative complaint as have been asserted in the FAC in the instant case with respect to alleged employment practices by 3M at its Northridge, California facility and at all of 3M's facility located in the state of California, which necessarily encompassed the Irvine facility and all hourly employees at 3M's Irvine facility, including Plaintiffs NGUYEN and MANILA. After class certification in *Lan Dao v. 3M* was denied without prejudice, the case was dismissed by the District Court (Hon. Valerie Baker Fairbank) on October 30, 2009. The dismissal followed approval and implementation of a class action settlement reached between the parties with respect to putative class members employed at the 3M Northridge, California facility only. (Roberts Decl., ¶ 10; *see also* Notice of Related Case.) 3M will be filing a notice of related case commensurate with the filing of this notice of removal.[1]

///

///

---

[1] 3M will be moving for a change of venue to the Central District as this case has no connection whatsoever to the Northern District. Rather, the 3M facility at issue in this litigation is located in the Central District, Plaintiffs' work for 3M took place in the Central District and the pertinent records and witnesses, including Plaintiffs, are located primarily in the Central District.

IV.

## JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1332(A)

In order to remove this matter to Federal Court, 3M must show that the Federal District Court in the district where the state court proceedings are pending has jurisdiction. Here, jurisdiction exists, pursuant to 28 U.S.C. Section 1332(a)(1), because there is complete diversity and Plaintiffs NGUYEN and MANILA have alleged claims against 3M which exceed $75,000 per Plaintiff.

**A.    Complete Diversity Exists**

9.    NGUYEN is a resident of California. (FAC, ¶ 8, lodged as Exh. B.) Therefore, he is a citizen of California. (*See, Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) [an individual is a citizen of the state in which he or she is domiciled].)

10.    MANILA is a resident of California. (FAC, ¶ 8, lodged as Exh. B.) Therefore, he is a citizen of California. (*See, Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d at 1090 [an individual is a citizen of the state in which he or she is domiciled].)

11.    At the time of the filing of the FAC, 3M was and remains incorporated in Delaware. 3M's principal place of business was and remains in Minnesota. (FAC, ¶ 11 ["3M is a Delaware corporation"], lodged as Exh. B; Riccio Decl., ¶ 2.) Therefore, 3M is a citizen of both Delaware and Minnesota. (*See,* 28 U.S.C. 1332(c)(1) ["a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"].)

12.    Defendants Does 1 through 100, inclusive, are fictitious. The FAC does not set forth the identity or status of any fictitious defendant, nor does it set forth any charging allegations against any fictitious defendant. Accordingly, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in the action. (*See,* 28 U.S.C. §1441 ["[f]or purposes of

removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"].)

13. Based on the foregoing, there is complete diversity, as NGUYEN and MANILA are citizens of an entirely different state than 3M. (*See, Fid. & Guar. Life Ins. Co. v. Albertson*, 2007 U.S. Dist. LEXIS 44689, *2-3 (S.D. Cal., June 20, 2007) ["[c]omplete diversity requires that no defendant have the same citizenship as any plaintiff"].)

**B.    Amount in Controversy Exceeds $75,000 (28 U.S.C. § 1332(a))**

14. The FAC as filed by NGUYEN and MANILA is silent as to the total amount in controversy. However, the failure of the FAC to specify the total amount of damages or other monetary relief sought by them does not deprive this Court of jurisdiction. (*See, White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) [defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal by simply by declining . . . to place a specific dollar value upon its claim"].) 3M need only establish by a preponderance of the evidence that NGUYEN and MANILA each assert claims which, although disputed by 3M, exceed the jurisdictional minimum. (*See, Synder v. Harris*, 394 U.S. 332, 338 (1969) ["[w]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount"] [internal quotations omitted].) As set forth below, 3M has made the requisite showing of the jurisdictional amount in controversy.

15. NGUYEN and MANILA each allege that "[a]s 3M employees, [they], and the Class they seek to represent, were regularly required to:

 (a)    work 'off the clock' for hours earned in a workweek and workday;

 (b)    don and doff required equipment without compensation;

 (c)    work in excess of either (8) hours in a workday and/or forty (40) hours in a

|   |   |   |
|---|---|---|
| | | workweek without compensation at the rate of time and one-half (1 1/2) of his [sic] regular rate of pay; |
| | (d) | work without being permitted or authorized a minimum ten-minute rest period for every four hours or major fraction thereof worked and without being compensated one (1) hour of pay at his [sic] regular rate of compensation for each workday that a rest period was not provided, all in violation of California labor laws, regulations, and the Industrial Welfare Commission ('IWC') Wage Orders; and |
| | (e) | work in excess of five hours per day without being provided a meal period, work in excess of ten hours per day without being provided a second meal period, take interrupted meal periods, and remain on the premises during their meal periods while not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and the applicable IWC Wage Orders. |

(*See*, FAC, ¶ 9, lodged as Exh. B.) NGUYEN and MANILA further allege that 3M "failed to pay all earned wages in a timely manner to its employees and members of the Plaintiffs' Class" and that 3M has "failed to timely pay to [sic] Plaintiffs or members of the Class, upon or after termination of their employment with [3M], all compensation due, including but not limited to, for wages earned and for having failed to properly provide rest and meal periods." (FAC, ¶ 10, lodged as Exh. B.)

16.  Plaintiffs NGUYEN and MANILA also allege that 3M has "made it difficult to account with precision for the unlawfully withheld wages and deductions due to 3M non-exempt employees . . . because [it] did not implement and preserve a lawful record-keeping method . . . ," allegedly entitling them and the putative class members "to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e)." (FAC, ¶ 24, lodged as Exh. B.)

///

17. NGUYEN and MANILA assert that the relevant time period covering the claims at issue in this case is the four-year period preceding the filing of the Original Complaint on June 18, 2010. (FAC, ¶ 2, lodged as Exh. B.)

18. 3M denies all of NGUYEN and MANILA's allegations and disputes that these Plaintiffs are entitled to any of the relief they seek. However, if Plaintiffs were able to prove their respective allegations (which is highly improbable), their individual claims for wages, penalties, attorneys' fees, and other monetary relief are in excess of this Court's jurisdictional minimum. (*See, Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).)

19. NGUYEN alleges that "[d]uring the relevant times addressed herein, [he] has been employed by Defendant as an employee of 3M in the City of Irvine, California and was employed by 3M since at least approximately 2006 in a non-exempt capacity during the liability periods." (FAC, ¶ 8, lodged as Exh. B.) NGUYEN's most recent hourly rate of pay with 3M was $21.24 per hour. (Riccio Decl., ¶ 3.) Given NGUYEN's allegations as outlined above, and given the premium pay and penalties associated with such alleged practices (which are, again, disputed in their entirety by 3M), it can fairly be assumed that NGUYEN's damages, if proven, would total approximately $20,000 annually, or $80,000 for the 4 year period preceding the filing of the Original Complaint.

20. NGUYEN further seeks recovery of attorneys' fees pursuant to California Labor Code Section 1194, which provides in relevant part that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, **reasonable attorney's fees**, and costs of suit." (*See,* FAC, Prayer, ¶ 8 ["[f]or attorneys' fees, interests and costs of suit under Labor Code section 1194"], lodged as Exh. B.) For purposes of determining the amount in controversy, the Ninth Circuit has held that this amount properly includes attorneys' fees, if permitted by statute or contract. (*See, Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ["[w]e hold that where an underlying

1  statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such
2  fees may be included in the amount of controversy"].) Even assuming the attorneys' fees here are
3  only $24,000, which is just one-third of NGUYEN's claimed damages of approximately $80,000,
4  then the amount in controversy with respect to NGUYEN's individual claims could exceed
5  $100,000. Accordingly, the jurisdictional amount in controversy is met with respect to NGUYEN's
6  claims.

8  21.  MANILA alleges that "[d]uring the relevant times addressed herein, Plaintiff Manila
9  has been employed by Defendant as an employee of 3M in the City of Irvine, California and is has
10 [sic] been employed by 3M since at least approximately 1997 to the present in a non-exempt
11 capacity during the liability periods." (FAC, ¶ 8, lodged as Exh. B.) At the time MANILA was
12 added to this lawsuit as a Plaintiff on July 21, 2010, his hourly rate of pay with 3M was $19.02.
13 (Riccio Decl., ¶ 4.) Given MANILA's allegations as outlined above, and given the premium pay and
14 penalties associated with such alleged practices, it can be fairly assumed that his damages, if proved,
15 would equal approximately $20,000 annually, or $80,000 for the 4 years preceding the filing of the
16 Original Complaint.

18 22.  MANILA also seeks recovery of attorneys' fees pursuant to California Labor Code
19 Section 1194, which provides in relevant part that "any employee receiving less than the legal
20 minimum wage or the legal overtime compensation applicable to the employee is entitled to recover
21 in a civil action the unpaid balance of the full amount of this minimum wage or overtime
22 compensation, including interest thereon, **reasonable attorney's fees**, and costs of suit." (*See*, FAC,
23 Prayer, ¶ 8 ["[f]or attorneys' fees, interests and costs of suit under Labor Code section 1194"],
24 lodged as Exh. B.) For purposes of determining the amount in controversy, the Ninth Circuit has
25 held that this amount properly includes attorneys' fees, if recoverable by statute or contract. (*See,
26 Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ["[w]e hold that where an
27 underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary
28 language, such fees may be included in the amount of controversy"].) Even assuming the attorneys'

4832-3230-0294.1
4812-0755-5079.3

1 | fees here are $24,000, or one-third of MANILA's claimed damages as estimated above to be
2 | approximately $80,000, then the amount in controversy would well exceed $100,000. Accordingly,
3 | the jurisdictional amount in controversy is met with respect to MANILA's claims.

### V.

### TIMELINESS OF REMOVAL

23. This Notice of Removal is timely in that it has been filed within 30 days of service of the Complaint, the FAC, and their corresponding summons on 3M, which was effected on August 13, 2010, and within one year of the filing of the Complaint on June 18, 2010. (Roberts Decl., ¶¶ 5 and 6, Exhs. D and E; *see also,* 28 U.S.C. § 1446(b).)

### VI.

### NOTICE TO PLAINTIFF

24. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiffs' counsel of record: James R. Hawkins and Gregory E. Mauro. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of California for the County of Alameda.

WHEREFORE, having provided notice as required by law, the above-entitled action is removed from the Superior Court of California for the County of Alameda to this Court.

DATED: September 10, 2010             STOKES ROBERTS & WAGNER

                                      By: /s/ Maria C. Roberts
                                          Maria C. Roberts
                                          Peter B. Maretz
                                          Kevin W. Chiang
                                          Attorneys for Defendant 3M COMPANY

---

9                                      NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

4832-3230-0294.1
4812-0755-5079.3