1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8
9

PHILIP NGUYEN, EFREN MANILA, on behalf of themselves and all others similarly situated,

Case No:  C 10-04064 SBA

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

10

Plaintiffs,

Docket 17

11

vs.

12
13

3M COMPANY, a Delaware Corporation; and DOES 1 through 100, inclusive,

14

Defendants.

15

16        Plaintiffs Philip Nguyen ("Nguyen") and Efren Manila ("Manila"), current

17   employees of Defendant 3M Company ("3M"), filed the instant putative wage and hour

18   class action in state court.  The First Amended Complaint ("FAC") alleges that 3M violated

19   California labor laws and regulations by failing to properly provide meal and rest periods

20   and for the payment of overtime wages.  3M removed the action on the basis of diversity

21   jurisdiction, pursuant to 28 U.S.C. § 1332(a).  The parties are presently before the Court on

22   Plaintiffs' Motion to Remand.  Having read and considered the papers filed in connection

23   with this matter and being fully informed, the Court hereby GRANTS Plaintiffs' motion

24   and REMANDS the action to state court.  The Court, in its discretion, finds this matter

25   suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R.

26   7-1(b).

27

28

I.      BACKGROUND

On June 18, 2010, Nguyen filed a Complaint in Alameda County Superior Court against 3M.  Roberts Decl. Ex. A, Dkt. 4.  Nguyen did not serve his Complaint on 3M.  On July 21, 2010, Nguyen, joined by Manila, filed a FAC, alleging causes of action for: (1) failure to pay hourly wages and overtime wages; (2) failure to provide rest periods and meal periods or compensation in lieu thereof; (3) failure to timely pay wages; (4) knowing and intentional failure to comply with itemized employee wage statement provisions; and (5) violation of California's Unfair Competition Law.   Id. Ex. B.

On August 13, 2010, Plaintiffs effected service of the FAC on 3M.  Id. ¶ 5.  On September 10, 2010, 3M removed the action to this Court on the basis of diversity jurisdiction.  Notice of Removal, Dkt. 1.[1]  Though the FAC is silent as to the amount of damages at issue, 3M accompanied its Notice of Removal with a declaration from Maria Riccio, Regional Employee Relations Manager for 3M, who states that Nguyen's most recent wage rate is $21.24/hr. and that Manila's wage is $19.02/hr.  Riccio Decl. ¶¶ 2-3. Based on these wage rates and Plaintiffs' allegations that they were not paid overtime or provided with rest or meal periods from 2006 to the present, the Notice of Removal avers that the amount of damages sustained by each Plaintiff amounts to at least $20,000 per year, or $80,000 for the 4 year period preceding the filing of the action.  Notice of Removal ¶ 19.

Plaintiffs now move to remand the instant action on the ground that 3M has failed to carry its burden of demonstrating, by a preponderance of the evidence, that the $75,000 jurisdictional minimum applicable in diversity actions has been met as to each of them.  3M has filed an opposition to the motion and has proffered the declaration of its counsel to

---

[1] Although the FAC is styled as a class action, 3M did not allege removal jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332(d).

1  support its contention that each Plaintiff, if successful on their claims, may recover in

2  excess of $75,000.  The matter has been fully briefed and is ripe for determination.[2]

3  ## II.    LEGAL STANDARD

4      A motion for remand is the proper procedure for challenging a removal.  Remand

5  may be ordered either for lack of subject matter jurisdiction or for any defect in removal

6  procedure.  See 28 U.S .C. § 1447(c).  "[R]emoval statutes are strictly construed against

7  removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th

8  Cir. 2008).  "The presumption against removal means that the defendant always has the

9  burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc.,

10  553 F.3d 1241, 1244 (9th Cir. 2009).  Any doubts regarding the propriety of the removal

11  favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

12  ## III.    DISCUSSION

13      "Federal courts are courts of limited jurisdiction.  They possess only that power

14  authorized by Constitution and statute, which is not to be expanded by judicial decree."

15  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "The basic

16  statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C.

17  §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331

18  confers federal question jurisdiction in "all civil actions arising under the Constitution,

19  laws, or treaties of the United States."  28 U.S.C. § 1331.  Under § 1332, district courts

20  have diversity jurisdiction over all civil actions "where the matter in controversy exceeds

21  the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of

22  different States."  28 U.S.C. § 1332(a).

23      In a removal predicated on diversity jurisdiction, the amount in controversy is

24  determined by the amount of damages or the value of the property that is the subject matter

25  of the action.  Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 433 (1977).  This

26

27      [2] 3M separately filed a motion to transfer venue to the Central District of California under 28 U.S.C. § 1404(a).  Dkt. 6.  In view of this Court's ruling on Plaintiffs' motion to
28  remand, the Court denies 3M's motion as moot.

1    amount excludes costs, but includes attorney's fees.  Guglielmino v. McKee Foods Corp.,

2    506 F.3d 696, 700 (9th Cir. 2007).  "[S]eparate and distinct claims of two or more plaintiffs

3    cannot be aggregated in order to satisfy the jurisdictional amount requirement."  Snyder v.

4    Harris, 394 U.S. 332, 335 (1969).  "Where the complaint does not specify the amount of

5    damages sought, the removing defendant must prove by a preponderance of the evidence

6    that the amount in controversy requirement has been met."  Abrego Abrego v. The Dow

7    Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).  "Under this burden, the defendant must

8    provide evidence that it is 'more likely than not' that the amount in controversy" satisfies

9    the jurisdictional amount requirement.  Sanchez v. Monumental Life Ins. Co., 102 F.3d

10   398, 404 (9th Cir. 1996).  The type of evidence necessary to sustain a removal is akin to

11   "summary judgment-type evidence."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d

12   1089, 1091 (9th Cir. 2003) (citations omitted).  Any doubts regarding whether the

13   jurisdictional threshold has been met must be construed in favor of remanding the action.

14   Id.

15          3M has failed carry its burden regarding the requisite amount in controversy for

16   purposes of diversity jurisdiction.  In its opposition, 3M contends that Nguyen and Manila,

17   if successful, would be entitled to recover $80,670 and $91,300, respectively.  Def.'s Opp'n

18   at 9, Dkt. 26.[3]  As support for this contention, 3M proffers the declaration of its counsel,

19   who states that she "personally reviewed records from 3M related to [Plaintiffs'] claims for

20   the time period from 2006 to 2010," and that if Plaintiffs' allegations are true, they would

21   be entitled to additional compensation and penalties in the amounts set forth in 3M's

22   opposition brief.  Roberts Decl., Dkt. 26-1.  ¶¶ 5-9.  However, counsel fails to disclose what

23   particular records or type of records she allegedly reviewed.  Nor does she explain *how* she

24   reached *her conclusions* regarding the amount of additional compensation and penalties

25   potentially owed to Plaintiffs.  In the absence of such information, 3M's counsel's ipse dixit

26   statements in her declaration are not persuasive evidence for purposes of sustaining a

27   _____

28          [3] This amount does not include attorneys' fees, which 3M estimates will be $12,000
     per Plaintiff.  Id.

removal.  See Matheson, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient."); c.f., F.T.C. v. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").[4]  Given that any doubts regarding whether the jurisdictional minimum has been satisfied should be construed in favor of remand, the Court grants Plaintiffs' motion.  See Matheson, 319 F.3d at 1091.

IV.    **CONCLUSION**

        For the reasons stated above,

        IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Remand (Dkt. 11) is GRANTED.  The instant action is REMANDED to the Alameda County Superior Court. The Clerk shall close the file and terminate any pending docket matters.

        IT IS SO ORDERED.

Dated:  January 11, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

_____

[4] There also is an insufficient evidentiary basis presented that would have allowed the Court to make its own assessment as to the amount in controversy.